IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2129-FL

| | |
|---|---|
| CARLOS ANDRE SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, FCI BUTNER, )<br>)<br>Respondent. )<br>) | ORDER |

This matter is before the court on the motion to dismiss (DE # 4), pursuant to Federal Rule of Civil Procedure 12(b)(1), of respondent the Warden at the Federal Correctional Institution at Butner, North Carolina ("respondent"). Petitioner, through counsel, responded to respondent's motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On June 7, 2006, in the United States District Court for the Western District of Virginia, petitioner pleaded guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Smith, No. 7:06-cr-13 (W.D. Va. June 7, 2006). On August 31, 2006, the sentencing court determined that petitioner was an armed career criminal, under 18 U.S.C. § 924(e), and sentenced him to a term of one hundred eighty (180) months imprisonment with a term of five years supervised release. Id. Petitioner did not file an appeal or a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

The United States of America subsequently filed a motion for substantial assistance pursuant to Federal Rule of Criminal Procedure 35(b), which the sentencing court granted. United States v. Smith, No. 7:06-cr-13 (W.D. Va. August 31, 2011). Then, on August 31, 2011, the sentencing court reduced petitioner's sentence to the statutory maximum term of imprisonment for a violation of § 922(g)--a term of one hundred twenty (120) months imprisonment. Id.; 18 U.S.C. § 924(a)(2).

On July 8, 2011, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that he actually is innocent of being an armed career criminal pursuant to the United States Supreme Court's ruling in Begay v. United States, 553 U.S. 137 (2008). On August 1, 2011, respondent filed a motion to dismiss arguing that the court lacks subject matter jurisdiction over petitioner's claim because it should have been brought pursuant to 28 U.S.C. § 2255, rather than § 2241.[1] Petitioner filed a response to respondent's motion.

## DISCUSSION

A.   Motion to Dismiss

   1.   Standard of Review

Under Rule 12(b)(1), the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the petitioner is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The

---

[1] Respondent also argues that the court lacks subject matter jurisdiction over petitioner's action because petitioner waived his right to collaterally attack his conviction pursuant to 28 U.S.C. § 2255 in his plea agreement. However, because the court dismisses the petition on other grounds, the court does not reach this argument.

2

Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

2. Analysis

Although petitioner filed this claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

In In re Jones, 226 F.3d 328, 333 (4th Cir. 2000), the Fourth Circuit examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. The court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a § 2255 motion. Vial, 115 F.3d at 1194.

Petitioner is not able to satisfy the second prong of the Jones test because the substantive law

3

has not changed so that his conduct underlying his conviction for being a felon in possession of a firearm no longer is criminal. Rather, petitioner's challenge is limited to his armed career criminal sentencing enhancement. The Fourth Circuit, however, has not extended the reach of the savings clause to include those petitioners challenging only their sentence. Darden v. Stephens, 426 F. App'x 173, *1-2 (4th Cir. Apr. 29, 2011) (declining to extend § 2255 savings clause to include claim that prior conviction no longer is a crime of violence and not a proper predicate for enhancement to firearm possession sentence as a career offender) (quotation omitted); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."); United States v. Poole, 531 F.3d 263-267 n.7 (4th Cir. 2008); Hines v. Owens, No. 4:10-CV-2843-RBH, 2011 WL 53030, *2 (D.S.C. Jan. 7, 2011), aff'd, No. 11-6123, 2011 WL 4526017 (4th Cir. Sept. 30, 2011); Hurd v. Warden FCI Estill, No. 0:11-cv-602-RMG, 2011 WL 2020881, *2 (D.S.C. May 24, 2011) ("*Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of petitioner's activities, so it cannot be the basis under Fourth Circuit precedent for an argument that the § 2255 remedy is inadequate or ineffective."). Because petitioner does not argue that the conduct for which he was convicted, being a felon in possession of a firearm, has been deemed non-criminal, the court finds that he has not satisfied the Jones criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention.

Petitioner alternatively argues that he should be permitted to proceed pursuant to § 2241 because his one hundred eighty (180) month sentence exceeds the one hundred twenty (120) month statutory maximum imposed by Congress for the violation of 18 U.S.C. § 922(g). However, on August 31, 2011, the sentencing court re-sentenced petitioner to a one hundred twenty (120) month

4

term of imprisonment, which is within the statutory maximum. See United States v. Smith, No. 7:06-cr-13 (W.D. Va. August 31, 2011). Thus, this argument is without merit, and petitioner must proceed with his claim pursuant to 28 U.S.C. § 2255.[2] See e.g., United States v. Brown, No. 7:02-cr-24, 2011 WL 1103347, *3 (W.D. Va. Mar. 22, 2011).

B. Recharacterization

The court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize this motion as an attempt to file a motion under 28 U.S.C. § 2255. See United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999) ("Federal Rule of Civil Procedure 60(b) . . . simply does not provide for relief from a judgment in a criminal case."). The court also notifies petitioner of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255.

The court hereby permits petitioner to file a response to the court's proposed recharacterization within twenty-one (21) days from the date of this order. The court advises petitioner that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, petitioner responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dismiss petitioner's petition pursuant to 28 U.S.C. § 2241 based upon the reasoning set forth above.

If petitioner agrees to or acquiesces in the recharacterization, the court shall permit

---

[2] The court notes that the United States Supreme Court decided Begay on April 16, 2008. Petitioner filed this action on July 8, 2011, more than one year after the Court decided Begay.

amendments to the motion to the extent permitted by law.[3] See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (noting that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely), overruled on other grounds by, United States v. Blackstock, 513 F.3d 128, 132-133 (4th Cir. 2008). Petitioner is advised that the format of any § 2255 motion must comply with Rule 2, Federal Rules Governing § 2255 Proceedings, and Local Civil Rule 81.2 of this court. All filings, including § 2255 motions on the correct form, must be submitted to:

Clerk of Court
United States District Court, E.D.N.C.
Terry Sanford Federal Building
310 New Bern Avenue, Room 574
Raleigh, NC 27601
ATTN: Prisoner Litigation Division

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 4) is GRANTED. However, the court hereby ALLOWS petitioner twenty-one (21) days to file a response to the court's proposed recharacterization, described in detail herein.

SO ORDERED, this the ____ day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[3] A prisoner wishing to challenge his conviction pursuant to § 2255 must file his petition in the court which imposed the sentence. See 28 U.S.C. § 2255. Accordingly, if petitioner agrees to have his action construed as a section 2255 petition, the court will transfer the action to the United States District Court for Western District of Virginia where venue is proper.

6